# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76627-9-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALMSEGGET HABTAI, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: September 17, 2018 |
| | ) | |

VERELLEN, J. — Almseggett Habtai contends the trial court exceeded its sentencing authority when it required him to register as a kidnapping offender. Because the kidnapping registration requirement is not punitive, the court did not exceed its sentencing authority when it imposed the registration requirement.

Therefore, we affirm.

## FACTS

Following a jury trial, the jury convicted Habtai of attempted second degree kidnapping. At sentencing, the trial court sentenced Habtai to 15 months of incarceration and required him to register as a kidnapping offender.

Habtai appeals.

ANALYSIS

Habtai contends the trial court exceeded its sentencing authority when it required him to register as a kidnapping offender.

Under the registration statute, any person convicted of a sexual offense or kidnapping offense is required to register with the county sheriff in the county where they reside.[1] A "kidnapping offense" is defined as "[t]he crimes of kidnapping in the first degree, kidnapping in the second degree, and unlawful imprisonment . . . *where the victim is a minor and the offender is not the minor's parent.*"[2]

In Apprendi v. New Jersey, the United States Supreme Court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[3] "[T]he relevant statutory maximum [is] the maximum sentence that a judge may impose without making any additional findings of fact."[4] "When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law

---

[1] RCW 9A.44.130(1)(a).

[2] RCW 9A.44.128(8)(a) (emphasis added).

[3] 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

[4] State v. Felix, 125 Wn. App. 575, 577, 105 P.3d 427 (2005) (citing Blakely v. Washington, 542 U.S. 296, 303-04, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004)).

makes essential to the punishment,' and the judge exceeds his proper authority."[5]

Habtai argues the court exceeded its sentencing authority because it imposed the kidnapping offender registration requirement without the jury finding that the victim was a minor and that he was not the minor's parent. As a result, the primary question in this case is whether the court's imposition of the registration requirement is punitive.

To determine whether registration is punitive, we apply the framework from ex post facto clause case law.[6] First, we look to the legislature's intent to determine whether the registration statute is punitive or regulatory.[7]

"When it enacted the statute, the [l]egislature unequivocally stated that the [s]tate's policy is to 'assist local law enforcement agencies' efforts to protect their communities by regulating sex offenders by requiring sex offenders to register with local law enforcement agencies."[8] In 1997, the legislature amended the registration statute to add a requirement to register for kidnapping

---

[5] Blakely, 542 U.S. at 304 (quoting 1 J. BISHOP, CRIMINAL PROCEDURE § 87, at 55 (2d ed. 1872)).

[6] Felix, 125 Wn. App. at 579 ("Felix and Hammond have not argued there is a basis in Apprendi or its progeny to distinguish between 'punishment' for the purposes of the right to a jury finding and 'punishment' for purposes of ex post facto and double jeopardy, and we find no reason to make such a distinction.").

[7] State v. Ward, 123 Wn.2d 488, 499, 869 P.2d 1062 (1994).

[8] Id. (citing LAWS OF 1990, ch. 3, § 401; LAWS OF 1991, ch. 274, § 1) (emphasis omitted).

3

offenders.[9] Under the legislature's express intent, the registration statute is regulatory rather than punitive.[10]

Second, "[w]e also examine whether the actual effect of the statute is so punitive as to negate the [l]egislature's regulatory intent."[11] "Because we 'ordinarily defer to the legislature's stated intent,' 'only the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty.'"[12] We apply the factors from Kennedy v. Mendoza-Martinez[13] to determine the actual effect of a statute:[14]

> Whether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of scienter, whether its operation will promote the traditional aims of punishment—retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned.[15]

---

[9] LAWS OF 1997, ch. 113, § 1.

[10] See State v. Boyd, 1 Wn. App. 2d 501, 511, 408 P.3d 362 (2017) ("This legislative intent remains the same."), review denied, 190 Wn.2d 1008 (2018).

[11] Ward, 123 Wn.2d at 499 (emphasis omitted).

[12] Smith v. Doe, 538 U.S. 84, 92, 123 S. Ct. 1140, 155 L. Ed. 2d 164 (2003) (quoting Kansas v. Hendricks, 521 U.S. 346, 361, 117 S. Ct. 2072, 138 L. Ed. 2d 501 (1997); Hudson v. United States, 522 U.S. 93, 100, 118 S .Ct. 488, 139 L. Ed. 2d 450 (1997)).

[13] 372 U.S. 144, 83 S. Ct. 554, 9 L. Ed. 2d 644 (1963).

[14] Ward, 123 Wn.2d at 499.

[15] Mendoza-Martinez, 372 U.S. at 168-69 (internal citations omitted).

Under the first factor, although our Supreme Court previously held the registration statute does not impose an affirmative disability or restraint,[16] Habtai contends subsequent amendments require the opposite conclusion. Specifically, he points to the weekly, in-person registration requirement for transient individuals and the international travel reporting requirement.

In Smith v. Doe, the United States Supreme Court considered whether the Alaska Sex Offender Registration Act[17] constituted a retroactive punishment in violation of the ex post facto clause.[18] Similar to Washington's registration statute, the Alaska statute requires the individual to submit certain information, register with local law enforcement, and provide regular updates. But unlike the Alaska law, the Washington statute requires individuals who lack a fixed residence to "report weekly, in person, to the sheriff of the county where he or she is registered."[19] When discussing whether the Alaska statute constituted an affirmative disability or restraint, the Supreme Court relied in part on the fact that the Alaska statute did not require updates to be made in person.[20]

In State v. Boyd, this court considered the transient registration requirements and determined "while undoubtedly the transient registration requirements are burdensome, this does not necessarily mean that they are

---

[16] Ward, 123 Wn.2d at 501.

[17] ALASKA STAT. § 12.63.010.

[18] 538 U.S. 84, 123 S. Ct. 1140, 155 L. Ed. 2d 164 (2003).

[19] RCW 9A.44.130(6)(b).

[20] Smith, 538 U.S. at 101.

punitive."[21] This court relied on the fact that "there is no evidence in the record that reporting in person weekly interfered with [Boyd's] ability to get a job, find housing, or travel."[22]

Similarly here, Habtai fails to present any evidence that the transient registration requirement constitutes punishment. And since Habtai is currently incarcerated, he fails to present any evidence that he will be homeless upon release.

The Washington statute also states, "Any person required to register under this section who intends to travel outside the United States must provide . . . notice of the plan to travel outside the county to the county sheriff of the county with whom the person is registered at least twenty-one days prior to travel."[23]

In Smith, the Supreme Court relied on the fact that although the Alaska statute required individuals to update the authorities if they changed their facial features or changed their residence, "they are not required to seek permission to do so."[24] "[O]ffenders subject to the Alaska statute are free to move where they wish and to live and work as other citizens, with no supervision."[25]

---

[21] 1 Wn. App. 2d 501, 511, 408 P.3d 362 (2017).

[22] Id.

[23] RCW 9A.44.130(3).

[24] Smith, 538 U.S. at 101.

[25] Id.

Similarly, the international travel reporting requirement in RCW 9A.44.130(3) does not constitute an affirmative disability or restraint because individuals subject to such requirements are still free to travel; they are merely required to provide their travel plans to law enforcement.

As to the second factor, Habtai argues the transient registration and international travel reporting requirements are similar to the historical punishments of probation and parole supervision.

Although in Smith the Supreme Court recognized that such an argument has "some force," the court ultimately rejected this argument:

> Probation and supervised release entail a series of mandatory conditions and allow the supervising officer to seek the revocation of probation or release in case of infraction. By contrast, offenders subject to the Alaska statute are free to move where they wish and to live and work as other citizens, with no supervision.[26]

And in Ward, our Supreme Court acknowledged that registration "has not traditionally or historically been regarded as punishment."[27] Rather, "[r]egistration is a traditional governmental method of making available relevant and necessary information to law enforcement agencies."[28]

Habtai also claims that modern technology leads to wide dissemination of data similar to the historical punishment of public shaming.

---

[26] Id. (internal citations omitted).

[27] Ward, 123 Wn.2d at 507.

[28] Id.

In Smith, the Supreme Court considered a similar argument under the Alaska statute and determined public shaming usually involved physical pain, unlike the Alaska and Washington registration statutes.[29] And "[e]ven punishments that lacked the corporal component, such as public shaming, humiliation, and banishment, involved more than the dissemination of information. . . . Our system does not treat dissemination of truthful information in further of a legitimate governmental objective as punishment."[30]

Habtai argues the limitless geographic reach of the Internet renders the dissemination of information analogous to colonial public shaming. But in Smith, the Supreme Court determined that although "the geographic reach of the Internet is greater than anything which could have been designed in colonial times," this does "not render Internet notification punitive."[31]

And similar to the Alaska statute considered in Smith, the Washington registration requirements serve to maintain public safety, not to humiliate the offender. In Washington, the dissemination of information is limited to only that information which "is relevant and necessary to protect the public and counteract the danger created by the particular offender."[32] In Ward, our Supreme Court held that "because the [l]egislature has limited the disclosure of

---

[29] Smith, 538 U.S. at 98.
[30] Id.
[31] Id. at 99.
[32] RCW 4.24.550.

8

registration information to the public, the statutory registration scheme does not impose additional punishment on registrants."[33] "This statutory limit ensures that disclosure occurs to prevent future harm, not to punish past offenses."[34]

Habtai concedes the third factor, whether the sanction comes into play only on a finding of scienter, does not apply. We agree.[35]

Under the fourth factor, Habtai argues "in light of recent amendments and [I]nternet postings[,] . . . the retribution and deterrent force of Washington's registration scheme has only increased."[36] In Ward, our Supreme Court acknowledged that registration might serve to deter crime, which is a traditional aim of punishment.[37] But the court acknowledged this is a secondary effect of registration because "a registrant may be deterred from the fact of conviction and punishment served, whether he is required to register or not."[38] Habtai does not offer any meaningful argument for why we should depart from this precedent.

Habtai also concedes the fifth factor, whether the behavior to which the sanction applies is already a crime, is not in dispute. We agree.[39]

---

[33] Ward, 123 Wn.2d at 502.

[34] Id. at 503.

[35] See Smith, 538 U.S. at 105; Ward, 123 Wn.2d at 510-11.

[36] Appellant's Br. at 24.

[37] Ward, 123 Wn.2d at 508.

[38] Id. (emphasis omitted).

[39] See Smith, 538 U.S. at 105; Ward, 123 Wn.2d at 510-11.

As to the sixth factor, whether the registration statute has a rational connection to a nonpunitive purpose, the transient registration and international travel reporting requirements are necessary to carry out the legislature's intent of ensuring public safety by providing updated location information to law enforcement.

Finally, under the seventh factor, "[t]he question is whether the regulatory means chosen are reasonable in light of the nonpunitive objective."[40] Our state constitution grants broad discretion to the legislature to "prescribe laws to promote the health, peace, safety, and general welfare of the people of Washington."[41] And as previously discussed and acknowledged by our Supreme Court in Ward, the stated purpose of the registration statute is to "'assist local law enforcement agencies' efforts to protect their communities by regulating sex offenders by requiring sex offenders to register with local law enforcement agencies.'"[42] The amendments to the registration statute since Ward have not rendered the statute excessive. The transient registration and international travel reporting requirements serve to provide updated information to law enforcement about the whereabouts of individuals required to register. This purpose is consistent with the legislature's intent in adopting the registration statute.

---

[40] Smith, 538 U.S. at 105.

[41] Ward, 123 Wn.2d at 508-09 (citing WASH. CONST. art. I, § 1).

[42] Id. at 493 (quoting LAWS OF 1990, ch. 3, § 401).

Consistent with <u>Smith</u>, <u>Ward</u>, and <u>Boyd</u>, we conclude the kidnapping registration requirement is not punitive. As a result, the trial court did not exceed its sentencing authority when it required Habtai to register as a kidnapping offender.

Therefore, we affirm.

WE CONCUR:

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2018 SEP 17 AM 8: 53